CASE DECIDED ON DECEMBER 19, 2014

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 12-5297
(C.A. 10-1190)

KENNETH HASELWANDER,                                              Appellant,

  v.

JOHN McHUGH, SECRETARY OF THE ARMY,                    Appellee.

### APPELLEE'S OPPOSITION TO APPELLANT'S APPLICATION FOR ATTORNEY'S FEES AND COSTS

Appellee John McHugh, Secretary of the Army, respectfully opposes Appellant Kenneth Haselwander's "EAJA Fee Application for Appellant-Appellant."[1]  First, the Application is untimely under both Rule 39(d) of the Federal Rules of Appellate Procedure and the Equal Access to Justice Act ("EAJA"), and that provides sufficient grounds for denying Haselwander's request in its entirety.  Second, Haselwander is currently ineligible for an award of attorney's fees and expenses under EAJA because the reversal of the District Court's grant of summary judgment in favor of the Secretary, vacatur of the underlying decision by Army Board for the Correction of Military Records

---

[1] Counsel for Haselwander initially filed his application for attorney's fees and costs on March 6, 2015, and filed an Errata on March 9, 2015.  The primary difference in the Errata appears to be the size of the font used in the footnotes to comply with the Court's rules.

1

("ABCMR" or "Board"), and remand to the ABCMR, does not confer prevailing party status on him. All Haselwander has essentially won at this point is the right to have the Board reconsider his application for correction of his medical (and other) records in light of the evidence Haselwander proffered and this Court's decision. Third, his Application is also deficient in other respects.

## Argument

**I.  HASELWANDER'S REQUEST FOR COSTS SHOULD BE DENIED BECAUSE THE APPLICATION WAS FILED TOO LATE.**

A.  A Request For Costs Under Rule 39 Was Untimely

Rule 39(d) of the Federal Rules of Appellate Procedure requires "[a] party who wants costs taxed" to file its request within fourteen (14) days "after entry of judgment." Fed. R. App. P. 39(d)(1). Untimely requests for costs should be denied. *Montgomery & Associates, Inc. v. Commodity Futures Trading Comm'n*, 816 F.2d 783, 785 (D.C. Cir. 1987) (denying untimely request for attorney's fees under a statue because the Court found the 14-day limit in Fed. R. App. P. 39(d)(1) applied).

For the reasons described below, Haselwander is not currently a prevailing party within the meaning of the Equal Access to Justice Act, 28 U.S.C. § 2412(b) ("EAJA"), so the only other available basis for recovering costs would be Rule 39 of the Federal Rules of Civil Procedure. But even construing his Application to be

2

made under Rule 39, no costs should be awarded because he filed his Application more than 14 days after entry of judgment. The Court decided this case and entered its judgment on December 19, 2014, and issued the mandate on February 12, 2015. The Secretary respectfully submits that the judgment was entered on December 19, 2014, but even if the time were deemed to have started running when the mandate was issued, Haselwander's request for costs was still filed more than fourteen days later. Accordingly, Haselwander's request for $3,981.09 in costs should be denied as untimely under Rule 39. *Montgomery & Associates, Inc.*, 816 F.3d at 785; Fed. R. App. P. 39(a).

Although Haselwander claims that his application was timely under EAJA, his petition fails to mention Rule 39 as a fallback if costs are denied under EAJA. *See* Petition, at 3. The Secretary is unaware of any authority for extending the deadline under Rule 39 when a party seeks recompense in addition to costs that might also or independently be recoverable under Rule 39. Because Haselwander's Appplication fails to demonstrate the timeliness of the request for costs and the dates of the Court's action are irrefutable, the Court should deny his request for recovery of costs as untimely. *See City of Waukesha v. Environmental Protection Agency*, 320 F.3d 228, 250 n.22 (D.C. Cir. 2003) (per curiam) (argument inadequately raised in opening brief is ordinarily waived).

3

B. Even If Not Denied as Untimely Or Otherwise, Costs Should Be Denied Based on Evidentiary Insufficiency.

Rule 39 allows for costs against the United States or its agency or officer "only if authorized by law." Fed. R. App. P. 39(b). In this case, that law is EAJA, and EAJA does not provide for recovery now as explained below. Additionally, even were Rule 39 applicable here, costs may be recovered only if the bill for them is "itemized and verified." Fed. R. App. P. 39(d)(1). Haselwander's Application is not verified, and to the extent the costs are itemized, they are insufficiently described. If considered, the Court should deny Haselwander's request for costs because the petition fails to describe the costs reasonably or explain the necessity of expending them in this litigation.[2] Aside from the filing fees, of which the Court may take judicial notice, there is no evidence to support the vaguely itemized costs described merely as "Printer" and "Lexis" with no indication of the dates on which those costs were incurred, any indication that they were billed to a client (or at least would ordinarily be separately billed), or any description of them. More importantly, such costs are outside the scope of the costs provided for in Rule 39(e), which limit the costs associated with an appeal to four categories, only one of which (appellate filing fee) Haselwander has mentioned in his Application. Consequently, for reasons independent of his ineligibility to recover

---

[2] Appellees do not contest the costs identified as the filing fees for initiating the civil action in the District Court ($350.00) and the appeal in this Court ($450.00).

4

any costs because he is not a prevailing party under EAJA, the Application for costs should be denied in its entirety.

## II. THE REQUEST FOR ATTORNEY'S FEES AND EXPENSES UNDER EAJA SHOULD BE DENIED.

Haselwander's Application requests attorney's fees in the amount of $33,780.27 and costs in the amount of $3,981.36 under EAJA. The Application should be denied.[3]

### A. The Remand Does Not Entitle Haselwander to Claim Prevailing Party Status Under EAJA

Haselwander's request for attorney's fees and expenses under EAJA should be denied as premature because he is not a prevailing party within the meaning of EAJA.[4]

---

[3] This Court has treated requests for statutory appellate attorney's fees under statutes as governed by the provisions of the particular statute, and not subject to the 14-day limit contained in Rule 39(d)(1). *E.g., Environmental Defense Fund, Inc. v. Environmental Protection Agency*, 672 F.2d 42, 61 (D.C. Cir. 1982) (rejecting an untimeliness argument relating to a petition for attorney's fees under the Toxic Substances Control Act filed approximately nine months after the Court resolved the merits of the appeal because the TSCA contained no time limit on requests attorney's fees). As discussed *infra*, EAJA has a 30-day limit for timely applications. *See* 28 U.S.C. § 2412(d)(1)(B).

[4] Haselwander also purports to request fees under 42 U.S.C. § 405(g). *See* Fee Application, at 1. The reference to 42 U.S.C. § 405(g) may be a scrivener's error because that statute deals with judicial review of final decisions of the Commissioner of Social Security, and plainly neither applies to this case nor provides for any recovery of attorney's fees. Haselwander's petition fails to explain how this provision could entitle him to any relief in a case concerning the correction of military records and in which neither the Commissioner nor the

In relevant part, EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, Haselwander is not entitled to attorney fees and costs because he is not a prevailing party, and because the Secretary's position is substantially justified.

The Supreme Court has defined "prevailing party" for attorney fees purposes as a litigant who "succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the part[y] sought in bringing suit.'" *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 791-92 (1989), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *Accord Waterman S.S. Corp v. Maritime Subsidy Bd.*, 901 F.2d 1119, 1121 (D.C. Cir. 1990). In another formulation of the standard, "[a] party prevails when 'actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *F.J.*

---

Social Security Administration is a party. Accordingly, Appellee will treat Haselwander's petition for attorney's fees as one exclusively under EAJA.

*Vollmer Co. v. Magaw*, 102 F.3d 591, 594 (D.C. Cir. 1996), quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). "Benefit" in this context means "something more than an enhanced legal position in a proceeding that ultimately fails to supply any material relief." *Waterman*, 901 F.2d at 1122.

In *McDonald v. Washington*, 15 F.3d 1126 (D.C. Cir. 1994), the Court repeated the established principle that "the EAJA–like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as atomized line items." *Id*. at 1130 (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990)); *Waterman*, 901 F.2d at 1121 (courts must consider the result of the remand before awarding attorney's fees for obtaining remand; to get fees, party must "secure a 'material alteration of the legal relationship of the parties'"); *see also A. Hirsh, Inc. v. United States*, 948 F.2d 1240, 1244-46 (Fed. Cir. 1991) (party cannot claim significant victory simply because court makes remand decision during proceedings, and separate interlocutory decisions do not allow parties to fragment the litigation into separate pieces, each with its own winner and loser; EAJA fees for remand denied).

In this case, the remand (through the District Court) to the Board itself has neither conferred any benefit on Haselwander nor changed the legal relationship between the parties. The Court's decision leaves the Board free to reach the same result on remand (*i.e.*, denial of Haselwander's application for correction of

7

records to include award of a Purple Heart) as long as the Board sufficiently explains its reasoning in light of the Court's instruction and analysis. *See* Dec. 19, 2014 Op. at 20 (finding the Board's decision "utterly unreviewable and simply lacks reasons that a court can measure against the arbitrary or capricious standard of the APA"). Incomprehensibility is at least potentially remediable without altering Haselwander's records to include a retroactive award of a Purple Heart.

Additionally, the EAJA standard explicitly recognizes that the government can lose in litigation without having its position found to lack a reasonable justification, and this Court has instructed that the reasonableness determination must be separate from the merits. *Taucher v. Brown-Hiruska*, 396 F.3d 1168, 1173-74 (D.C. Cir. 2005) (holding that the Commodity Futures Trading Commission's position on statutory registration requirement was substantially justified where issues were not clear-cut). Haselwander's approach to the question of substantial justification is overly simplistic. He relies entirely on the fact that the Court found in his favor without appreciating the significance of the Court's reasoning generally or in the specific context of EAJA cases like *Hill v. Gould*, 555 F.3d 1003, 1005-06 (D.C. Cir. 2009) (upholding denial of EAJA fees where Secretary of Interior's position on mute swan's status under the Migratory Bird Treaty Act found to be substantially justified, in part, because the underlying administrative decision was a novel issue), and *Aronov v. Napolitano*, 562 F.3d 84,

8

94-97 (1st Cir. 2009) (en banc) (policy decision by USCIS not to grant citizenship petition while FBI completed background check, even if it took more than 120 day statutory limit, was reasonable and substantially justified), where an agency's determination on a similarly novel issue in carrying out its statutory mandate from Congress in the absence of guidance from the courts was found to be substantially justified.  Here, the Court did not determine that the Board's decision was either arbitrary or capricious; rather, the Court found it too incomprehensible as written to allow judicial review.  The Application offers no support for the notion that EAJA awards are appropriate under such circumstances, and such an inquiry would be premature until the Board has a second opportunity to better explain its reasoning.

> B. If Haselwander Were a Prevailing Party and the Secretary's Position Not Substantially Justified, Then The Request Should Still Be Denied for Untimeliness and Lack of Proof of Eligibility

Although EAJA provides an award of fees to prevailing parties in appropriate cases, it requires parties seeking an award of "fees and expenses" to submit an application "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  The term "final judgment" is defined by EAJA to "mean[] a judgment that is final and not appealable[]."  28 U.S.C. §2412(d)(2)(G).

The Supreme Court has interpreted the phrase "final judgment in the action" in the context of EAJA to mean "a judgment rendered by a court that terminates

9

the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The conclusion of the instant appeal does not qualify as an event that terminates the civil action because the remand to the Board does not terminate the action. *Massachusetts Union of Public Housing Tenants, Inc. v. Pierce*, 755 F.2d 177, 179-80 (D.C. Cir. 1985).

Even were other prerequisites of EAJA satisfied here, the Court should still deny the Application for untimeliness. Haselwander claims that the issuance of the mandate is the event that started EAJA's 30-day clock ticking. Application, at 3. But the final judgment in the appeal was entered on December 19, 2014, and the first day the Clerk's Office was open after the thirtieth day (January 18, 2015) was January 20, 2015 (due to the federal holiday on January 19, 2015). Under Rule 41(a) of the Federal Rules of Appellate Procedure, the issuance of the mandate includes "a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." Fed. R. App. P. 41(a). This language strongly implies that the judgment has been entered prior to the mandate, and the only operative event would be the issuance of the Court's decision and opinion on December 19, 2014. There is no conflict with EAJA's 30-day limit because the Court issues the mandate seven days after the time for filing a petition for rehearing (which is 45 days after the decision in a case involving the United States or its agency or officials pursuant to Fed. R. App. P. 40(a)(1)) or seven days after

10

entry of an order denying such a petition. Fed. R. App. P. 41(b). Accordingly, by delaying until March 6, 2015 to file his request for an award under EAJA, Haselwander waited too long and his Application should be denied (among other reasons) for untimeliness.

Haselwander's application also fails to supply evidence that he is eligible for an award of attorney's fees because it contains no evidence that Haselwander's net worth is less than $2 million. 28 U.S.C. § 2412(d)(2)(B). Despite referencing the requirement in the introduction of his Application (Petition at 1), and an assertion in the discussion section (Petition at 4), the Application nowhere contains evidence for the Court to conclude anything about Haselwander's net worth, and certainly not to find him eligible for an award of fees under EAJA. The representation by counsel (Petition at 4) is simply not evidence, nor is the Application verified. *Cf. Carrillo–Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (unsubstantiated statements of counsel do not constitute evidence).[5]

---

[5] Notably, although Rule 11 of the Federal Rules of Civil Procedure requires counsel to certify that any factual matters presented to courts is true to the best of the attorney's knowledge, information, and belief, formed after a reasonable inquiry, the Federal Rules of Appellate Procedure omit any similar rule, and counsel's statement here is unsworn and about a subject about which he lacks first-hand knowledge. But nothing in this argument that the evidence in support of the petition is insufficient should be taken to impugn the integrity of counsel for Haselwander.

11

### C. If Fees Are Awarded, the Petition Should Be Denied as Insufficient to Carry the Burden And, If Not, EAJA Rates Should Apply

Haselwander requests attorney's fees in the amount of $33,780.27 using hourly rates under the prevailing market rates as defined in Loadstar or *Laffey*. EAJA limits the hourly rate of attorney's fees to $125 per hour, adjusted for inflation. 28 U.S.C. § 2412(d)(2)(A).

Even if Haselwander's application passes a facial level of review, and beyond the vagaries and excesses of the billing statement provided to support the application for attorney's fees, he is not entitled to have his counsel paid at rates in excess of those provided by the statute. EAJA currently caps attorney's fees at a rate of $125 per hour, adjusted for inflation. 28 U.S.C. § 2412(d)(2)(A). Haselwander asserts that his counsel should be paid under the *Laffey* rates, as high as $712.66 per hour, without citing a single case to support that military administrative law is a recognized specialty.

And the *Laffey* Matrix on which Haselwander relies specifically states that "[t]he matrix does not apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d)." This Court has ruled that the inflation-adjusted EAJA rate is calculated by multiplying the $125 statutory base rate by the increase in the Consumer Price Index (CPI-U) for the Washington, D.C. area from November 1981 to the date on which the legal services were rendered. The precise formula is

12

$$\frac{\text{rate}}{\$125} = \frac{\text{CPI-Ub}}{\text{CPI-Ua}}$$

where CPI-Ub is the average CPI-U for the year in which the hours were expended and CPI-Ua is the CPI-U for the Washington, D.C. area as of November 1981, *i.e.*, 93.3. *See Chen v. Slattery*, 842 F. Supp. 597, 600 n.2, 601 (D.D.C. 1994); *accord, Nat'l Ass'n of Mfgrs. v. Dep't of Labor*, 962 F. Supp. 191, 198 & n.14 (D.D.C. 1997), *aff'd*, 159 F.3d 597 (D.C. Cir. 1998). These rates are significantly lower than those requested in the Application in this case.

Indeed, this Court has recognized that higher fees for specialization are not the norm in cases brought under the APA.

> Although [plaintiff]'s attorney performed ably in this case, we think his specialization in firearms law does not require the sort of expertise that Congress contemplated when it authorized higher fees in special circumstances. To be sure, lawyers practicing administrative law typically develop expertise in a particular regulated industry, whether energy, communications, railroads, or firearms. But they usually gain this expertise from experience, not from the specialized training justifying fee enhancement. If expertise acquired through practice justified higher reimbursement rates, then all lawyers practicing administrative law in technical fields would be entitled to fee enhancements. Because nothing in the Equal Access Act or its legislative history, see H.R. Rep. No. 99-120 (1985), reprinted in 1985 U.S.C.C.A.N. 132; H.R. Rep. 96-1418 (1980), reprinted in 1980 U.S.C.C.A.N. 4984, 4993-94, indicates that Congress intended this result, we conclude that [plaintiff]'s attorney is entitled to reimbursement at the regular statutory rate of $75 per hour adjusted for the increase in the cost of living.

13

*F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 598-99 (D.C. Cir. 1996). Even if his counsel could claim a specialty, no special knowledge was essential to the resolution of this case. *See Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1462 (9th Cir. 1988) (even if immigration was practice warranting special adjustment, the case turned upon simple concepts of res judicata understandable by most attorneys so no special factor was present).

EAJA provides that prevailing parties are entitled only to a "reasonable attorney's fee." 28 U.S.C. § 2412(d)(2)(A). The applicant bears the burden of establishing the reasonableness of each element of his fee request. *American Petroleum*, 72 F.3d at 912; *In re North (Bush Fee Application)*, 59 F.3d 184, 189 (D.C. Cir. 1995)(per curiam). To carry its burden, the applicant must provide sufficiently detailed information about the hours logged and work done. *American Petroleum*, 72 F.3d at 915. Otherwise, hours may be rejected. *Id*. at 915, 917. The Court has the power to deduct any costs that it deems excessive, not documented or unallocated. *Democratic Central Comm. of D.C. v. Washington Metropolitan Area Transit Comm'n*, 12 F.3d 269, 272 (D.C. Cir. 1994). Moreover, where "documentation of hours is inadequate, recovery for such hours is justifiably denied. *See In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990); *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989) (requirement to keep contemporaneous, complete and standardized time records which accurately reflect

14

work done by plaintiff's attorney is particularly important when the fee requirements will be satisfied by the United States Treasury).

In this case, the Application makes reference to Attorney Eisenberg having graduated from law school in 2002 (Petition, at 6), there is no similar biographical information for an individual listed on the billing records only as "DSS" for whom a billing rate of is $464.78 is requested. The descriptions of the work performed are cursory, at best, and fail to carry the burden of sufficient detail to allow them to be meaningfully reviewed by either the Secretary or the Court for reasonableness. Consequently, even were Haselwander otherwise eligible for an award under EAJA, this Application should still be rejected in its entirety.

## Conclusion

For the foregoing reasons, the Secretary of the Army respectfully requests that this Court deny Haselwander's request for attorney's fees and costs and other expenses.

          Respectfully submitted,

          RONALD C. MACHEN JR.
          United States Attorney

          /s/ *R. Craig Lawrence*
          R. CRAIG LAWRENCE
          Assistant United States Attorney
          U.S. Attorney's Office
          Civil Division
          555 4th Street, N.W. – Room E4214
          Washington, D.C.  20530
          (202) 252-2543

# **CERTIFICATE OF SERVICE**

I certify that a copy of the Appellee's Opposition to Appellant's Application for Attorney's Fees and Costs has been served on counsel for Appellant by filing it on the Court's ECF system on this 19th day of March, 2015.

      /s/   *R. Craig Lawrence*
R. Craig Lawrence
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-2543